**IMG-309** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4702
_____

CAI XIANG WU,
Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A094-802-814)
Immigration Judge:  Honorable Frederic Leeds
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 13, 2010

Before:   SCIRICA, SMITH AND WEIS, Circuit Judges

(Opinion filed: November 1, 2010)
_____

OPINION
_____

PER CURIAM.

        Cai Xiang Wu, petitions for review of a decision of the Board of

Immigration Appeals ("BIA").  For the reasons below, we will deny the petition for

review.

1

Wu, a native and citizen of China, entered the United States in August 2006. He was placed in removal proceedings for being an alien present in the United States without valid documentation. He conceded that he was removable as charged and applied for asylum, withholding of removal, and protection under the United Nations Convention Against Torture ("CAT").

Wu claimed that he is entitled to asylum on account of his resistance to the family planning policy in China, as well as the economic deprivation he and his wife suffered for violating the policy. After the birth of their second child, Wu's wife was forcibly sterilized. She was also fined 22,000 RMB, approximately $3,000, of which she paid half.

The Immigration Judge ("IJ") determined that Wu lacked credibility in claiming that his refusal to pay the fine qualified as "other resistence" to the Chinese government. The IJ cited to the fact that Wu paid approximately $70,000 to enter the United States with the use of smugglers. The IJ also found that Wu failed to prove past persecution based on his wife's forced sterilization. The IJ denied Wu's requests for relief.

The BIA affirmed the IJ's denial of relief but determined that the IJ's adverse credibility finding was erroneous. However, the BIA also concluded that Wu failed to show that he was subjected to past persecution based on the imposition of the fine, and could not demonstrate fear of future persecution. Accordingly, because Wu

could not show that he was eligible for asylum, the BIA found that he could not meet the standard for withholding of removal. The BIA concluded that Wu failed to make arguments under the CAT, and therefore waived this issue on appeal. Wu filed a timely petition for review.

We have jurisdiction pursuant to 8 U.S.C. § 1252. To establish eligibility for asylum, Wu needed to demonstrate either past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. See Wang v. Gonzales, 405 F.3d 134, 138 (3d Cir. 2005). To establish eligibility for withholding of removal, he needed to demonstrate that it was more likely than not that his life or freedom would be threatened in China on account of the family planning policy. Wang, 405 F.3d at 139; 8 U.S.C. § 1231(b)(3)(A). To be eligible for withholding of removal under the Convention Against Torture, he needed to demonstrate that it is more likely than not that he would be tortured if removed to China. 8 C.F.R. § 1208.16(c)(2).

We review the BIA's factual determinations under the substantial evidence standard. Dia v. Ashcroft, 353 F.3d 228, 249 (3d Cir. 2003) (en banc). The BIA's findings are considered conclusive unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We exercise de novo review over the BIA's legal decisions. Toussaint v. Attorney General, 455 F.3d 409, 413 (3d Cir. 2006).

3

Wu argues that the BIA erred in concluding that he had not shown other resistance to the Chinese family planning policy.[1] He contends that he has shown a reasonable possibility that he will be persecuted for violating the family planning policy and refusing to pay his fine. We need not decide whether Wu has shown other resistance to the family planning policy because we conclude that he has not shown that the record compels a finding of past persecution or a well-founded fear of future persecution on account of any such resistance.

Wu has not shown that the fine amounted to "severe economic disadvantage which could threaten his family's freedom if not their lives." See Zhen Hua Li v. Att'y Gen., 400 F.3d 157, 169 (3d Cir. 2005). Moreover, as the IJ noted, Wu made no statement in his asylum application regarding his inability to pay the fine. He did not raise this as an issue until his hearing, and as the IJ noted, there is no evidence in the record that Chinese officials are looking to arrest Wu or his wife or threatening to seize the home where his wife still resides in China. The evidence in the record does not establish that he would be unable to pay the money if returned to China.

We conclude that substantial evidence supports the BIA's finding that Wu failed to demonstrate past persecution or a reasonable fear of future persecution. Because

---

[1] The spouses of those who have been persecuted by coercive population control policies are not automatically eligible for asylum, but may qualify for asylum in their own right if they can show persecution based on "other resistance" to China's population policy. Lin-Zheng v. Att'y Gen., 557 F.3d 147, 157 (3d Cir. 2009) (en banc).

4

he has not met the standard for asylum, Wu cannot meet the higher standard for withholding of removal.  Ghebrehiwot v. Att'y Gen., 467 F.3d 344, 351 (3d Cir. 2006). Wu does not challenge the BIA's conclusion that he waived his CAT claim.  However, regardless of whether the CAT claim was waived, Wu has not shown that the record compels a finding that he is likely to be tortured in China so as to entitle him to relief under the CAT.

For the above reasons, we will deny the petition for review